Cite as 2022 Ark. App. 370

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-19-770

| | |
|---|---|
| GEORGE HUNTER AND JOAN HUNTER | Opinion Delivered September 28, 2022 |
| APPELLANTS | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. CV-2010-762] |
| V. | |
| DIAMANTE MEMBERS CLUB, INC.; AND DIAMANTE, A PRIVATE MEMBERSHIP GOLF CLUB, LLC | HONORABLE GRISHAM PHILLIPS, JUDGE |
| APPELLEES | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

This is a companion case to *Faigin v. Diamante Members Club, Inc.*, 2022 Ark. App. 361, also handed down today. The background facts and procedural history are set out in that opinion. Only facts specific to appellants will be detailed below. Appellants, George Hunter and Joan Hunter (collectively "appellants"), own property within the Diamante subdivision located in Hot Springs Village, Arkansas. Appellees, Diamante, A Private Membership Golf Club, LLC ("Old Club"); and Diamante Members Club, Inc. ("New Club"), respectively, are the former and current owners of a private golf club associated with the developed subdivision.

In this appeal, appellants argue the same points on appeal as in the appellants in *Faigin* as well as two issues specific to the Hunters. As detailed in *Faigin*, res judicata prevents

appellants' claims; thus, we affirm the circuit court's application of the doctrine and grant of summary judgment to appellees.

## I. *Background Facts*

Appellants purchased a lot in the Diamante subdivision in 1996. On August 31, 2010, Old Club filed a complaint in foreclosure against appellants for unpaid monthly club dues owed pursuant to the Declarations, which were fully discussed in *Faigin*. In response, appellants filed an amended answer and counterclaim against Old Club. Appellants alleged the foreclosure action was moot because they conveyed the lot back to Old Club and, therefore, no longer owned property in the subdivision. Furthermore, appellants asserted a counterclaim against Old Club for deceit as a result of an alleged deliberate intent of the developer to induce potential buyers into purchasing a lot and the resulting golf memberships in reliance on false representations. Old Club asserted that appellants' counterclaim was barred by the statute of limitations and res judicata and, accordingly, should be dismissed. On October 26, 2017, the circuit court dismissed appellants' counterclaim against Old Club on the bases of the statute of limitations and res judicata.

New Club moved for summary judgment against the appellants on December 3, 2018. The circuit court entered a final judgment and decree of foreclosure granting summary judgment to New Club on the basis of res judicata on May 31, 2019. The court then awarded attorney's fees and cost to New Club, and appellants filed a timely notices of appeal.

II. *Discussion*

In addition to the points on appeal in *Faigin*, the appellants argue (1) that the equitable claim of foreclosure was moot because they reconveyed the lot to Old Club; and (2) reversal is required because New Club is not a real party in interest and lacks standing; therefore, the circuit court erred in substituting New Club as plaintiff.

The circuit court concluded that appellants were attempting to relitigate claims that had previously been decided or could have been decided in *Dye v. Diamante a Private Membership Golf Club, LLC*, 2017 Ark. 42, 510 S.W.3d 759, and applied the doctrine of res judicata. For the reasons set forth in *Faigin*, 2022 Ark. App. 361, and incorporated herein by reference, we hold that the circuit court properly applied res judicata in granting summary judgment to Old Club and New Club.

Additionally, appellants argue that the claim of foreclosure is moot because the appellants reconveyed the lot back to Old Club; therefore, they were improperly denied their constitutional right to a jury trial for alleged amounts owed to New Club. While the circuit court declared appellants the owners of the lot in question, appellants did not obtain a ruling on the validity of the reconveyance of the property back to Old Club. Because it was the responsibility of the appellants to obtain a ruling on this issue, and they failed to do so, their argument is not preserved for consideration on appeal. *See Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116.

Finally, appellants contend that New Club is not the real party in interest and lacks standing; thus, the circuit court erred in substituting New Club in this matter for Old Club.

3

As we discussed in *Faigin*, New Club's interest in the foreclosure action was acquired pursuant to the assignment of Old Club's interest to the pending litigation, judgment, and liens to New Club. Any argument as to the legality of the assignment, or opposition thereto, was not ruled on by the circuit court and, therefore, is precluded from our review. Accordingly, the circuit court's order of substitution is affirmed.

### III. *Conclusion*

As in *Faigin*, we find that all the requirements of claim preclusion are met; accordingly, the circuit court's grant of summary judgment to appellees is affirmed. Having concluded that res judicata bars relitigation of appellants' claim, we need not consider the other points on appeal.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

*Robert S. Tschiemer*, for appellants.

*Schnipper, Britton & Stobaugh*, by: *Beau Britton*, for separate appellee Diamante Membership Club, Inc.

*McMillan, McCorkle & Curry, LLP*, by: *J. Philip McCorkle*, for separate appellee Diamante, a Private Membership Golf Club, LLC.

4